**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3149
_____

FNU EVAH,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-703-347)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 6, 2014

Before: JORDAN, GREENBERG and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 11, 2014 )
_____

OPINION
_____

PER CURIAM

    Petitioner Evah petitions for review of an order of the Board of Immigration

Appeals (BIA) denying her motion to reopen.  For the reasons detailed below, we will

deny the petition for review.

Evah, a citizen of Indonesia, is a Christian of Chinese descent. She entered the United States on a visitor's visa in August 2006, worked without receiving permission from the government, and was charged with being removable under 8 U.S.C. § 1227(a)(1)(C)(i) for failing to comply with the conditions of her admission. After some preliminary procedures not relevant here, Evah applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

On July 13, 2010, Evah appeared before an Immigration Judge (IJ). She testified that, in Indonesia, her store had been looted during an anti-Chinese riot, she had been beaten, her house had been burned down, and she had been threatened. The IJ denied all relief to Evah, concluding that she had failed to meet her respective burdens of proof for asylum, withholding of removal, and CAT relief. Evah then appealed to the BIA, which dismissed the appeal on December 22, 2011. The BIA concluded, as had the IJ, that Evah had failed to support her claims of past persecution with the requisite corroborating evidence. Further, the BIA held, Evah had not established that she had a well-founded fear of future persecution. Finally, the BIA ruled that Evah had failed to show that she was eligible for CAT relief. We then denied Evah's petition for review. See Evah v. Att'y Gen., 485 F. App'x 583 (3d Cir. 2012).

In April 2013, Evah filed the motion to reopen that is at issue here, alleging that the violence against Christians in Indonesia has increased. After considering the various

2

documents that Evah had submitted — including reports from the Human Rights Watch, the United States Department of State, and the United States Commission on International Religious Freedom, as well as several newspaper articles — the BIA denied the motion, concluding that Evah's evidence "show[ed] a continuation of the conditions that existed at the time of and for the two years leading up to [Evah's] hearing before the [IJ]," rather than changed conditions. Evah then filed a timely petition for review to this Court.

We have jurisdiction under 8 U.S.C. § 1252(a)(1), and review the BIA's denial of Evah's motion to reopen for abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Motions to reopen are "plainly disfavor[ed]," because "[t]here is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases." INS v. Abudu, 485 U.S. 94, 107, 110 (1988). The BIA's decision is thus entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (quotation marks omitted), and it "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (quotation marks omitted).

Here, because Evah did not file her motion to reopen within 90 days of the final order of removal, she may proceed only if her motion relies on evidence of "changed country conditions." 8 U.S.C. § 1229a(c)(7)(C)(ii). Such a motion must be based on

3

"evidence [that] is material and was not available and would not have been discovered or presented at the previous proceeding." Id. In determining whether country conditions have changed, the BIA compares current conditions to the conditions that existed at the time of the previous hearing before the IJ. See Filja v. Gonzales, 447 F.3d 241, 254 (3d Cir. 2006).

The BIA did not abuse its discretion in denying Evah's motion. As an initial matter, there is no merit to Evah's claim that the BIA failed fully to consider the evidence that she proffered. Unlike in the case Evah cites, Indradjaja v. Holder, 737 F.3d 212 (2d Cir. 2013), the BIA's opinion here is thorough and plainly establishes that it analyzed all of the materials and arguments that Evah presented. See Khan v. Att'y Gen., 691 F.3d 488, 499 (3d Cir. 2012).

On the merits, it was reasonable for the BIA to conclude that Evah's evidence, rather than showing that conditions for Christians in Indonesia have deteriorated in a material way since the time of her initial hearing, shows only "a continuation of the conditions." As the BIA pointed out, the United States Commission on International Religious Freedom's 2011 Report for Indonesia, for instance, describes Indonesia's problems with religious tolerance as longstanding and notes that Indonesia has been on its watch list since 2002. Likewise, the Human Rights Watch reported that there were a similar number of religious attacks in 2011 and 2010. In its 2010 Report on Religious Freedom, the United States Department of State also recognized the religious strife as

4

continuing, noting that "[t]he government generally respected religious freedom . . . ; however, ongoing restrictions . . . were exceptions." Report at 1 (emphasis added). Thus, the BIA did not err in concluding that Evah had failed to demonstrate that conditions in Indonesia had changed in a meaningful way since her hearing before the IJ.

Evah argues that the BIA should have focused on the conditions in her home province rather than country-wide. However, Evah did not make this argument before the BIA, and even in this Court, has not identified any evidence suggesting that conditions in her province have changed to a greater degree than conditions in Indonesia generally. Accordingly, the BIA did not abuse its discretion in denying Evah's motion. See Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011) (holding that the BIA did not err in denying reopening where evidence did "not indicate meaningfully changed country conditions," but instead "suggest[ed] that the conditions described have persisted" (quotation marks omitted)).

Accordingly, we will deny the petition for review.

5